**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LEYI LI,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. ____________** |
| | § | |
| **COLOSSAL BIOSCIENCES INC.** | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOWS, Plaintiff Leyi, Li (hereafter collectively referred to as "Plaintiff" or "Li"), by counsel and brings this action for violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.,* for age discrimination, and retaliation, complaining of Defendant Colossal Biosciences Inc. (hereafter referred to as "Defendant" or "Colossal") and respectfully show the Court as follows:

**I.**
**PARTIES**

1.01. Leyi Li is an individual, who is a citizen and resident of the State of Texas, who may be contacted through his undersigned counsel of record.

1.02. Defendant, Colossal Biosciences Inc. is a foreign for-profit corporation doing business in Texas. Defendant can be served with process by serving its registered agent, Incorporating Services, Ltd., 3610-2 N. Josey, Suite 223, Carrollton, Texas 75007.

**II.**
**JURISDICTION AND VENUE**

2.01. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331. This Court has supplemental jurisdiction of Plaintiff' state law claims.

2.02. Venue for all causes of action stated herein lies in the Northern District of Texas because a substantial part of the events alleged in this Complaint took place within this District. *See* 28 U.S.C. § 1391(b). Plaintiff's EEOC charge was filed in the Dallas District office of the EEOC. Plaintiff received her Notice of Right to Sue and has timely filed this lawsuit.

## III.
## FACTUAL ALLEGATIONS

3.01. Plaintiff is an Asian male who was hired by the Defendant as Associate Director of Embryology on March 1, 2022. He was in the Animal Operating department making $174,000 annually.

3.02. Plaintiff's supervisor was Matt James, white, male Chief Animal Officer.

3.03. On February 24, 2025, Plaintiff was called to a meeting with Matt James and Amanda Bastawros. Plaintiff was told at that time he was laid off because of budget constraints.

3.04 Plaintiff knew this was not the case because the company just received a 200-million-dollar series C. funding.

3.05. During this meeting Plaintiff was locked out of his computer and at the end he was escorted out of the building.

3.06 Plaintiff timely filed a Charge of Discrimination with the EEOC on April 15, 2025 alleging race, disability and retaliation discrimination.

## IV.

## First Count

## Title VII Race Discrimination

4.01 Plaintiff incorporates the foregoing provisions as though set forth herein verbatim.

4.02 Plaintiff is an Asian male who worked for the Defendant for approximately 4 years before he was terminated.

4.03 Defendant Colossal Biosciences, Inc. is a foreign for-profit company subject to Title VII.

4.04 Defendant has intentionally discriminated against Plaintiff because of his race by exhibiting bias against Plaintiff, treating Plaintiff in a discriminatory and harassing manner compared with his white peers and refusing to grant equal and fair pay, and discharging Plaintiff.

4.05 Plaintiff has filed a charge of discrimination with the EEOC and received a "right to sue" letter.

4.06 Defendant engaged in a single continuous course of conduct of discrimination against Plaintiff because of Plaintiff's race, and because Plaintiff complained about such discrimination.

4.07 Such discrimination by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, benefits, future pecuniary losses, including retirement pay, emotional pain and suffering, inconvenience, loss of enjoyment of life, other non-pecuniary losses and compensatory damages under federal law. Plaintiff is also entitled to recover all costs of court and attorney's fees.

## V.

## Second Count

## Retaliation under Title VII

5.01 Plaintiff incorporates the foregoing provisions as though set forth herein verbatim.

5.02 Plaintiff is an Asian male who worked for the Colossal Biosciences Inc. for approximately 4 years before he was terminated. He had previously asserted his rights under a lawsuit alleging gender and race discrimination. Although he lost the lawsuit, his claim was protected activity under Title VII which protects him from retaliation.

5.03 Defendant Colossal Biosciences is a foreign for profit subject to Title VII.

5.04 Defendant has intentionally discriminated against Plaintiff for bringing the earlier claim by exhibiting bias against Plaintiff, treating Plaintiff in a discriminatory and harassing manner compared with his peers, and discharging Plaintiff.

5.05 Plaintiff has filed a charge of discrimination with the EEOC and received a "right to sue" letter.

5.06 Defendant engaged in a single continuous course of conduct of discrimination against Plaintiff because Plaintiff complained about such discrimination.

5.07 Such discrimination by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, benefits, future pecuniary losses, including retirement pay, emotional pain and suffering, inconvenience, loss of enjoyment of life, other non-pecuniary losses and compensatory damages under federal law. Plaintiff is also entitled to recover all costs of court and attorney's fees.

## VI.

## Third Count

## Retaliation

6.01 Plaintiff incorporates the foregoing paragraphs by reference as if set forth verbatim herein.

6.02 Defendant is an "employer" within the meaning of the ADA. Plaintiff filed a charge of discrimination with the EEOC and has since received a "right to sue letter." Plaintiff files this action within 90 days of actual receipt of his "right to sue" letter.

6.03 Such discrimination by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, past and future

pecuniary losses, retirement pay, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Further, this discrimination was done with malice or with reckless indifference to Plaintiff's protected rights. Plaintiff is therefore also entitled to recover punitive damages.

6.04 Plaintiff is entitled to an award of attorney's fees, expert fees, and costs under the ADA.

## VII.
## <u>Jury Demand</u>

8.01. Plaintiff demands trial by jury of all claims alleged herein to which she is entitled.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff has and recovers the following relief against Defendant:

1. Judgment for back pay and front pay and all past and future lost fringe benefits;
2. Judgment for actual damages in the amount of past and future lost earnings and benefits, and damages to past and future earnings capacity;
3. Compensatory damages for the humiliation, damage to reputation, mental and emotional distress, and pain and suffering Plaintiff have experienced and endured as a result of the discriminatory actions of Defendant;
4. The costs and expenses incurred by Plaintiff in seeking new employment;
5. Damages for past and future mental anguish and emotional distress, inconvenience, loss of enjoyment of life, and damages to reputation;
6. Economic and reliance damages;
7. Prejudgment and post-judgment interest at the maximum legal rate;
8. Exemplary damages;
9. Attorneys' fees;

10. Expert's fees;

11. All costs of court; and

12. Such other and further relief to which Plaintiff may be justly entitled.

Dated: this 27th day of July, 2026.

Respectfully submitted,

**W.D. Masterson Law, PLLC**
By: /s/ *W. D. Masterson*
W.D. Masterson
State Bar No. 13184000
wdmasterson333@gmail.com

2720 Rosedale Drive
Dallas, Texas 75205
(214) 592-3999- Telephone

**ATTORNEYS FOR PLAINTIFF**